UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| SANDOVAL WHOLESALES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAMS TRUCKING, INC. d/b/a WILLIAMS PRODUCE; BETTY ANN WILLIAMS; RONNIE LEE WILLIAMS; RODNEY BRYAN WILLIAMS; and PAMELA BOULWARE, <br><br> Defendants. | Case No. 6:25-cv-00071-RSB-BKE |

**ORDER GRANTING EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY RESTRAINING ORDER**

THIS CAUSE is before the Court upon Plaintiff Sandoval Wholesales, Inc.'s ("Sandoval"), Ex-Parte Motion for Temporary Restraining Order ("Motion"). The Court has reviewed the Motion, the Memorandum in Support, the Affidavit of Alfredo Sandoval, ("Sandoval Aff."), and the Certification of Plaintiff's Counsel why notice should not be required in accordance with Rule 65 (b)(1)(B). This Court conducted an evidentiary hearing on the Motion on September 24, 2025. Having considered the entirety of the record and for the reasons stated at the hearing and set forth below, the Court **GRANTS** the Motion.

## BACKGROUND

Plaintiff is a licensed buyer and seller of wholesale quantities of perishable agricultural commodities ("Produce") by the United States Department of Agriculture ("USDA"). *Sandoval Aff. ¶¶3-4.* Defendant, Williams Trucking, Inc. dba Williams Produce ("Williams Produce"), is also a produce dealer subject to and licensed under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499a *et seq.*, by the USDA. *Sandoval Aff. ¶5.*

On September 10, 2025, Plaintiff filed the instant lawsuit against Williams Produce, and multiple individual defendants, seeking relief under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499a *et seq.*, and state law. ECF No. 1. Plaintiff asserts claims against Williams Produce for violation of PACA (Count I, II and III) and breach of contract (Count IV). Plaintiff also brings claims against co-defendants for breach of fiduciary duty (Count V), conversion and unlawful retention of PACA trust assets (Count VI), constructive trust (Counts VII and IX), and declaratory relief (Counts VIII and X). *Id.*

Plaintiff represents that between June 2023 and January 2025, it sold $209,113.50 in Produce to Williams Produce, of which all remains unpaid. ECF No. 1; *Sandoval Aff. ¶16.* Plaintiff maintains that it preserved its interest in the PACA trust assets of Williams Produce by delivering to it invoices that

included the required PACA statutory trust language. *Sandoval Aff. ¶19.* Since receipts of the invoices, Williams Produce has not paid in full for the produce pursuant to the agreed payment terms. *Sandoval Aff. ¶16.*

According to Plaintiff, Defendant Betty Ann Williams ("Betty") is the CEO of Williams Produce and Defendant Pamela Boulware ("Pam) was the CFO of Williams Produce and as such, controlled, or were in a position to control the PACA Trust Assets held by it. *Sandoval Aff. ¶11.* Plaintiff alleges that Defendants Betty and Pam failed to direct Williams Produce to use proceeds received by it from the sale of perishable agricultural commodities to pay the PACA trust debt owed to Plaintiff. Plaintiff also asserts that Williams Produce demonstrated its inability to pay Plaintiff when Pam informed Plaintiff that it would be shutting down its South Carolina operations and to file a reparation action against it in order to receive payment. *Sandoval Aff. ¶21.* It therefore appears that there is a likelihood that Defendant Williams Produce is in severe financial jeopardy, and that PACA Trust Assets have been dissipated and that such dissipation will continue absent injunctive relief.

Plaintiff seeks an ex-parte Temporary Restraining Order to maintain the status quo by preventing Defendants from dissipating assets that are subject to the PACA trust. Rule 65(b) of the Federal Rules of Civil Procedure authorizes entry of a temporary restraining order without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or

verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required. Plaintiff relies upon *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 158 (11th Cir. 1990), which authorizes this court to grant the requested relief pursuant to PACA. A violation of the PACA trust establishes irreparable harm. As noted in the legislative history of the PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H. R. Rep. No. 543, 99th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411; J.R. *Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B. R. 47 (Bankr. N.D. Fla. 1989).

On the basis of the Plaintiff's Motion, the supporting Affidavit and he evidence proffered at the hearing, it appears that Defendant Williams Produce is dissipating PACA trust assets, that such dissipation of PACA trust assets are threatened with further dissipation, that Plaintiff will suffer immediate and irreparable injury as a result of such dissipation of Plaintiff's beneficial interest in the statutory trust created by 7 U.S.C. §499e(c), and that such dissipation will continue in the absence of injunctive relief. Defendant Williams Produce does not appear to be in a position to pay Plaintiff's claims, thereby warranting the relief requested by the Plaintiff. *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F. 2d 75 (2nd Cir. 1990).

## DISCUSSION

The Eleventh Circuit has explained that the four factors to be considered in determining whether to grant a temporary restraining order or a preliminary injunction are the same. *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Namely, a movant must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Id*. at 1225-26 (citing *Ingram v. Ault*, 50 F. 3d 898, 900 (11th Cir. 1995); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). "The primary difference between the entry of a temporary restraining order and a preliminary injunction is that a temporary restraining order may be entered before the defendant has an adequate opportunity to respond, even if notice has been provided." *Textron Fin. Corp. v. Unique Marine, Inc.*, No. 08-10082-CIV, 2008 WL 4716965, at *5 (S.D. Fla. Oct. 22, 2008). Further, a temporary restraining order may be granted without notice to the adverse party only if: (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. *See* Fed. R. Civ. P. 65(b)(1).

Here, it clearly appears from the Sandoval Affidavit that Plaintiff is a produce dealer and trust beneficiary of Williams Produce under PACA 7 U.S.C. § 499e(c) and has not been paid as required by PACA for Produce supplied to Williams Produce. It is also clear from the Sandoval Affidavit and the Certification of Counsel that PACA trust assets are being dissipated or threatened with dissipation in pertinent part by transfer to Betty Ann Williams ("Betty"), Ronnie Lee Williams ("Ronnie"), Rodney Bryan Williams ("Bryan"), and Pamela Boulware ("Pam"), and current suppliers of Williams Produce.

In upholding the jurisdiction of district courts to entertain injunctive actions by private parties under the PACA, the Eleventh Circuit recognized trust dissipation as a dispositive factor in determining whether to grant relief in such actions:

> Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets. It should then require the PACA debtor to separate and maintain these produce-related assets as the PACA trust for the benefit of all unpaid sellers having a bona fide claim.

*Frio Ice*, 918 F.2d at 159 (footnote omitted)

On the basis of Plaintiff's Motion, supporting papers, and other submissions, it appears that Williams Produce is dissipating PACA trust assets or that the PACA trust assets are threatened with dissipation. Plaintiff

has shown that it is substantially likely to succeed on the merits, that it will suffer immediate and irreparable harm due to Williams Produce' dissipation of Plaintiff's beneficial interest in the statutory trust created in accordance with 7 U.S.C. § 499e(c), that such dissipation will continue in the absence of injunctive relief, and that an injunction will not harm the public interest. Therefore, the Court finds that a temporary restraining order should be issued. Further, in accordance with Rule 65(b)(1), Plaintiff's counsel has certified why notice should not be required. Specifically, if notice is given to Williams Produce during the pendency of this Motion, trust assets will be further threatened with dissipation before the Motion is heard. As noted, in PACA's legislative history, once dissipation has occurred, recovery of PACA trust assets is all but impossible. *See* H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411; *J.R. Brooks & Son, Inc. v. Norman's Country Mkt., Inc.*, 98 B.R. 47 (Bankr. N.D. Fla. 1989); *Taylor Farms Fla, Inc. v. Gennaro's Produce, Inc.*, No. 07-60259-CIV, 2007 WL 646987, at*2 (S.D. Fla. Feb. 27, 2007).

## CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion is GRANTED as follows:

1. Defendants Williams Produce, Betty, Ronnie, Bryan, Pam and the officers, agents, employees, representatives, assigns, financial and banking

institutions, and others acting in concert or participation with them (including RB Williams Logistics, LLC) who receive actual notice of this Order are enjoined and restrained from dissipating, disbursing, or transferring any and all assets, funds, monies covered by or subject to the PACA trust, or from making payment of PACA trust assets to any creditor, person, or entity until full payment of $209,113.50, plus interest, costs, and attorney's fees are paid to Plaintiff; or upon Plaintiff's agreement; or until further order of this Court.

2. The assets subject to this Order include all of the assets of Williams Produce, unless Williams Produce can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided, however, Defendants may sell perishable agricultural commodities for fair compensation, without the right of setoff, on the condition that Defendants maintain the proceeds of such sale subject to this Order.

3. This Order shall be binding upon the parties to this action and all other persons and entities who receive actual notice of this Order by personal service or otherwise.

4. If Williams Produce fails to pay $209,113.50 in certified funds within five (5) days of service of this Order on Williams Produce, then Williams Produce shall file with the Court an accounting that identifies all of its assets

and liabilities, as well as each of its account receivables, signed under penalty of perjury. Further, within ten (10) days of the date of service of this Order on Williams Produce, Williams Produce shall furnish to Plaintiff's counsel all documents related to its (and any of its subsidiary or related entities) assets, liabilities, and account receivables, including but not limited to the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records, and income tax returns.

5.    Plaintiff shall not be required to post or give any security because Williams Produce now holds $209,113.50 of PACA trust assets that belong to Plaintiff and that this Order requires Williams Produce to comply with its preexisting obligations under the PACA.

6.    Defendants shall immediately serve this Order upon any and all financial institutions with which they have a relationship. Any financial institution served with this Order shall disclose to Plaintiff the balances in any accounts, along with all account activity since January 1, 2023.

7.    This Temporary Restraining Order shall remain in full force and effect until October 10, 2025, unless extended for good cause shown upon motion duly filed and served on all parties.

8.    Plaintiff is directed to immediately serve the Defendants, or their resident agent, or their counsel, with the summons, Complaint, the moving papers, and a copy of this Order no later than September 29, 2025.

9.  The Court will set a hearing on Plaintiff's Motion for Preliminary Injunction after receiving Defendants' response to that Motion.

10. Defendants' response(s) to Plaintiff's Motion for Preliminary Injunction, (doc. 4), must be filed on the Court's docket and served on Plaintiff's counsel on or before October 6, 2025. Defendants are on notice that failure to respond may result in the imposition of a preliminary injunction against them. See Fed. R. Civ. P. 65.

11. The Motion for Ex-Parte Temporary Restraining Order and the supporting materials shall be unsealed and this Order shall not be filed under seal.

DONE and ORDERED, this 26th day of September, 2025, at 12:15 p.m., at Savannah, Georgia.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA